IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Darlene Williams, ) | CASE NO. 1:21 CV 1788 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| Citywide Auto Mart, ) | **AND ORDER** |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

*Pro se* plaintiff Darlene Williams has filed an *in forma pauperis* civil complaint in this action against Citywide Auto Mart. (Doc. No. 1.) With her complaint, she has filed a motion to proceed *in forma pauperis*. (Doc. No. 2). That motion is granted. For the reasons stated below, however, her complaint is dismissed.

Federal courts are courts of limited jurisdiction and have a duty to consider their subject-matter jurisdiction in every case. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject-matter jurisdiction exists under 28 U.S.C. § 1331 when a claim arising under federal law is presented on the face of a well-pleaded complaint. *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Federal jurisdiction may also be invoked under 28 U.S.C. § 1332 when the plaintiff presents state-law claims between parties of completely diverse

citizenship, and the amount in controversy exceeds $75,000.

Plaintiff's complaint does not demonstrate a valid basis for an exercise of federal subject-matter jurisdiction under either § 1331 or § 1332. No claim arising under federal law is discernible on the face of plaintiff's complaint. The only claims plaintiff indicates she seeks to assert are state-law claims, including breach of contract. (Doc. No. 1-1 at 1.) But plaintiff has not demonstrated a valid basis for an exercise of diversity jurisdiction over such state-law claims as she has not demonstrated that she and the defendant of completely diverse citizenship,[1] or that the amount in controversy exceeds $75,000.

## Conclusion

Accordingly, plaintiff's complaint is dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). This dismissal is without prejudice to any claims plaintiff may properly assert in state court on the alleged facts. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2021

---

[1] The civil cover sheet plaintiff submitted with her complaint indicates she is a citizen of, and the defendant is incorporated or maintains its principal place of business, in Ohio. (Doc. No. 1-1 at 1.)